IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF GEORGIA et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:21-CV-5338-ELB-SCJ-SDG<br><br>THREE-JUDGE COURT |

Before BRANCH, Circuit Judge, GRIMBERG and JONES, District Judges.

BY THE COURT:

### ORDER

A Rule 16 conference is **SET** for **WEDNESDAY, JANUARY 12, 2022, at 1:30 p.m., Eastern Standard Time (EST).** The conference will be held virtually via Zoom.gov.[1]

---

[1] Said conference will be a combined Rule 16 conference for the three redistricting cases currently pending in the Northern District of Georgia. The attorneys of record for the following cases have also been noticed to appear at said date/time: Alpha Phi Alpha Fraternity, Inc. et al. v. Raffensperger (No. 1:21-cv-05337-SCJ) and Pendergrass et al. v.

All attorneys of record who will have a speaking role at the conference must immediately contact Courtroom Deputy Clerk, Pamela Wright, via email to pamela_wright@gand.uscourts.gov, to receive participant log-in information.[2]

Public viewing of the hearing is available through the following link:

**https://ganduscourts.zoomgov.com/j/1605120572**

**Webinar ID: 160 512 0572**

**Passcode: 851671**

**Telephone access is as follows:**

**US: +1 669 254 5252**

**Webinar ID: 160 512 0572**

**Passcode: 851671**

All attorneys of record and members of the public must follow the instructions of the Court for remote proceedings available on the Court's website,

---

Raffensperger et al. (No. 1:21-cv-5339-SCJ). The Court acknowledges that the docket does not reflect service of process on Defendants. However, because Attorney Bryan Tyson has entered an appearance for Defendants, and considering the time exigencies of this matter, the Court will move forward with a Rule 16 conference.

[2] Only those attorneys who will have a speaking role at the conference should request participant log-in information. Attorneys of record should not request participant log-in information if they do not anticipate having a speaking role at the conference. Attorneys who will not participate in the conference may view the conference through the public viewing link provided herein.

www.gand.uscourts.gov. Photographing, recording, or broadcasting of any judicial proceedings, including proceedings held by video teleconferencing or telephone conferencing, is strictly and absolutely prohibited.

Due to the serious time exigencies surrounding the fair and timely resolution of this case and other similar cases pending in this Court, including the provisions of Georgia's election law that set various deadlines applicable to the upcoming 2022 elections to be conducted using the electoral maps that are the subject of this action, the parties are **ORDERED** to meet and confer – both with each other and with the parties in Alpha Phi Alpha Fraternity, Inc. et al. v. Raffensperger (No. 1:21-cv-05337-SCJ) and Pendergrass et al. v. Raffensperger et al. (No. 1:21-cv-5339-SCJ) – as soon as practicable. The parties are further **ORDERED** to file by **12:00 p.m. EST** on **TUESDAY, JANUARY 11, 2022**, status report(s) explaining their positions with respect to the following issues:

1. Whether Alpha Phi Alpha and/or Pendergrass may and should be consolidated with Georgia State Conference of the NAACP under Federal Rule of Civil Procedure 42(a) for the purpose of conducting all proceedings, including discovery and hearings in connection with any request(s) in those cases for preliminary injunctive relief. When the

parties evaluate their positions as to this issue, they should assume that each set of plaintiffs would be afforded the opportunity to file its own briefs and present its own case (including its own evidentiary submissions), during consolidated proceedings, if such proceedings occur.

2. What schedule would be suitable for the proceedings, including any preliminary injunction proceedings that may occur. This part of each party's filings should take the form of a proposed scheduling order that is specific to each case, and not a consolidated action. Each proposed scheduling order should propose deadlines for filing expert reports, completion of discovery, filing of all motions (including summary judgment), and filing pretrial stipulations. Each proposed scheduling order must further state a date by which the parties will be ready for a final hearing on the merits, if such a hearing is necessary. Because the three cases are similar, the schedule should take into consideration projected timelines for the proceedings in <u>Alpha Phi Alpha</u> and <u>Pendergrass</u>.

3.  If any parties are seeking or intend to seek preliminary injunctive relief, how many days the parties expect would be necessary for the conduct of a fair and expeditious preliminary injunction hearing. This part of the parties' filings should also be specific to each case, and not a consolidated proceeding. As stated above, because the three are similar, the timeline for a hearing should take into consideration preliminary injunctive relief that may be requested in either <u>Alpha Phi Alpha</u> or <u>Pendergrass</u>.

**IT IS SO ORDERED** this 6th day of January, 2022.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**
for the Court