IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC.; GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., <br><br>*Plaintiffs*, <br><br>v. <br><br>STATE OF GEORGIA; BRIAN KEMP, in his official capacity as the Governor of the State of Georgia; BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia, <br><br>*Defendants*. | Case No. 1:21-CV-5338-ELB-SCJ-SDG <br><br>Three-Judge Court |

**STATUS REPORT IN ADVANCE OF RULE 16 CONFERENCE**

Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc, and GALEO Latino Community Development Fund, Inc. respond to the Court's January 6, 2022, Order:

Question 1

28 U.S.C. §2284 bestows jurisdiction on a three-judge panel solely "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body," or "when otherwise

required by Act of Congress." Because neither *Alpha Phi Alpha* nor *Pendergrass* assert a claim challenging the constitutionality of the apportionments, they cannot be consolidated with this action. The *Common Cause* complaint, which alleges only a constitutional challenge to the congressional apportionment, can and should be consolidated with this action.

Plaintiffs respectfully submit, however, that there is a question as to whether it is mandatory for the three-judge panel to assert jurisdiction over Plaintiffs' statutory claims. Although the only appellate court to address this issue has indicated that this Court does have such jurisdiction, *see Page v. Bartels*, 248 F. 3d 175, 186-91 (3d Cir. 2001), neither the Eleventh Circuit nor the Supreme Court has ruled on the issue. Plaintiffs suggest that the better construction of the statute is that the three-judge panel has the discretion to determine whether to assert pendent jurisdiction over the statutory claims, and that the wiser course here is not to assert such jurisdiction. This is so because a single judge will be necessarily adjudicating the statutory claims in the *Alpha Phi Alpha* and *Pendergrass* cases; allowing that judge to adjudicate the similar statutory claims raised by Plaintiffs would further judicial economy and reduce the risk of conflicting, but simultaneous, decisions by the same level court (i.e., a single-judge district court and a three-judge district court). Accordingly, Plaintiffs request that their statutory claims be adjudicated by a single judge, consolidated with the *Alpha Phi Alpha* and *Pendergrass* claims, and that their

constitutional claims be adjudicated by the three-judge panel, consolidated with the *Common Cause* claims. If the Court wishes briefing on this issue, Plaintiffs can do so on an expedited basis.

Notwithstanding the necessity to separate the Section 2 claims from the constitutional claims under the three-judge panel statute, Plaintiffs commit to the Court that they will coordinate with the plaintiffs in the other cases in terms of discovery, so as to limit redundancies, and diminish the burdens on both the Court and Defendants.

Question 2

Plaintiffs will not file a motion for a preliminary injunction at this stage of the proceedings. With respect to the remaining schedule, Plaintiffs propose the following dates:

| Deadline for amendments to complaints | March 30, 2022 |
|---|---|
| Deadline to complete fact discovery | November 23, 2022 |
| Deadline for filing expert reports | December 23, 2023 |
| Deadline for rebuttal expert reports | January 23, 2023 |
| Deadline to complete expert discovery | February 17, 2023 |
| Deadline to file dispositive motions | March 10, 2023 |
| Deadline to file oppositions to dispositive motions | April 10, 2023 |
| Deadline to file replies in support of dispositive motions | April 17, 2023 |
| Deadline to file pretrial | 20 days before trial date |

| stipulations, exhibits, witness lists | |
|---|---|
| Deadline to file *Daubert* and *in limine* motions | 15 days before trial date |
| Trial date | To be set by the Court |

Although this schedule appears lengthy, it is founded on the premises that the issues as to any relief in connection with the 2022 elections will have been resolved in connection with the motions brought by the *Alpha Phi Alpha* and *Pendergrass* plaintiffs, and that the merits proceeding would be geared toward final resolution in time for the 2024 election. The length of time for discovery and the proposed schedule for a Spring 2023 trial are also influenced by the probability of litigation over assertions of legislative and other privileges by Defendants; the fact that this is an election year, when resources of the parties in the latter part of 2022 may be diverted to election issues; and the accessibility to evidence flowing from the November 2022 elections that may be pertinent to claims or defenses in this case, if available before trial.

Question 3

As Plaintiffs will not be filing a motion for preliminary injunction at this stage of the proceedings, it leaves the issue of the number of days for such hearing to those plaintiffs and Defendants involved in the cases where such motions will be filed.

Dated:  January 11, 2022.            Respectfully submitted,

By:  */s/ Kurt Kastorf*
**Georgia Bar No. 315315**
**KASTORF LAW LLP**
1387 Iverson St., Suite 100
Atlanta, GA 30307
(404) 900-0030
kurt@kastorflaw.com

Jon Greenbaum\*
Ezra D. Rosenberg\*
Julie M. Houk\*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

*\*Pro Hac Vice Applications Filed*

Toni Michelle Jackson\*
Astor H.L. Heaven\*
Keith Harrison\*
tjackson@crowell.com
aheaven@crowell.com
kharrison@crowell.com
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 624-2500

*\*Pro Hac Vice Applications Filed*