## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, et al. | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No. 1:21-CV-5338- |
| STATE OF GEORGIA, et al. | ) ) | ELB-SCJ-SDG |
| *Defendants*. | ) ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| COMMON CAUSE, et al., | ) ) | |
| *Plaintiffs*, | ) ) | Case No. 1:22-CV-00090- |
| v. | ) ) | ELB-SCJ-SDG |
| BRAD RAFFENSPERGER | ) ) | |
| *Defendant*. | ) ) | |

### STIPULATED PROTECTIVE ORDER

In order to facilitate the release of certain information by the parties to this Stipulated Protective Order ("the Order"), the parties in the above- captioned cases (the "Parties") have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Parties Bound by this Stipulation and Confidentiality Agreement.**

This Order shall be binding upon all Parties, all Parties' counsel and their law firms,

1

and their employees, officers, directors, and agents, testifying and non-testifying experts ("consultants"), and their staff, and persons made subject to this agreement by its terms.

2.   **Scope and Third Parties.** As used in this Order, the term "document" shall mean all documents, electronically stored information, and tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term. All documents produced in the course of discovery or in response to requests made by Plaintiffs ("documents") shall be subject to this Order as set forth below. Any Party and all third parties who have received subpoenas (collectively for purposes of this Order, "Designating Parties") may designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order if they make a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c). The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure.

DCACTIVE-66561359.1

3.    **CONFIDENTIAL Material.** Unless such information is a public record under relevant law, or has previously been publicly released by a government agency (state or local), the following information, whether produced by a Party or third party, shall be deemed "CONFIDENTIAL" for purposes of this Order:

a.  **Particular Individual Information**:

    i.  The social security numbers of individuals, in whole or in part;

    ii.  The driver's license numbers of individuals;

    iii.  The birth dates of individuals;

    iv.  The personal telephone numbers of individuals;

    v.  The personal email addresses of individuals or other contact information used for electronic messaging;

    vi.  The digitized signature of an individual;

    vii.  Other government-issued, including tribal government-issued, unique identifiers of individuals;

    viii.  All parts of the Georgia statewide voter registration database that are not otherwise available for public;

3

   ix. Other information that is not public pursuant to federal or Georgia law that could reveal the identity of a specific individual.

  b. Such other information that the Parties mutually agree in good faith meets the good cause standard and should be considered "CONFIDENTIAL."

  c. Nothing contained herein prohibits any third-party from designating materials if they make a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c).

  d. The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

 4. **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"**
**Material:** Unless such information has previously been deemed a public record by a federal or state court located in Georgia, or has previously been publicly released by a government agency (state or local), the following information, whether produced by a Party or third-party, shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material for the purposes of this Order; however, the fact that such information is listed in this Order shall not be construed as a waiver of

4

a Party's objections to the production or disclosure of said information or as an

agreement to produce such information absent a further order of this Court:

    a. **Particular Individual Information**:

        i. Information that would compromise the secrecy of a voter's ballot if publicly disclosed;

        ii. Other information that is protected from disclosure under federal or Georgia law that could reveal the identity of a specific individual.

    b. **Particular Information Regarding Security**:

        i. Methods, tools, and instrumentalities of security tests, audits, and investigations, but not findings (unless disclosure of such findings would create a threat to the security of voting systems or other State infrastructure); and;

    c. The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

5.     **Designation of "CONFIDENTIAL" Material and Application of Confidentiality Provisions.** The designation of material in the form of documents,

5

discovery responses, or other tangible material other than depositions or other pre-trial testimony shall be made by the Designating Party by affixing the legend "CONFIDENTIAL" on each page containing information to which the designation applies. The designation of deposition testimony shall be in accordance with paragraph 6 below. All material designated "CONFIDENTIAL" that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Party receiving the document or information ("the Receiving Party") of the designation in writing. The confidentiality rules in this Order will apply to all material marked "CONFIDENTIAL."

    a. **Basic Principles.** A Receiving Party may use "CONFIDENTIAL" information that is disclosed or produced by any Designating Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. "CONFIDENTIAL" material may be disclosed only to the categories of persons and under the conditions described in this Order. "CONFIDENTIAL" material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

6

b. **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any material designated "CONFIDENTIAL" may only be disclosed to:

   i. counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

   ii. experts and consultants, and their staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   iii. the Court, court personnel, and court reporters and their staff;

   iv. copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, including E-discovery vendors, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

7

v. language translation vendors retained by counsel to assist in the translation of "CONFIDENTIAL" material, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

vi. during, or in preparation for, their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

vii. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

viii. Parties, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

ix. employees, officers, representatives, and directors of Parties, to whom disclosure is reasonably necessary for this litigation, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and

8

x. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

c. **Filing "CONFIDENTIAL" Material.** Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Section III.F. of the Instructions for Cases Assigned to the Honorable Steve C. Jones (herein, "Instructions"). A party seeking to file a document with the Court under seal shall comply with the procedures set forth in NDGA Local Rules, Appendix H, Section II.J.2 and Section III.F of the Instructions.

With the exception of Particular Individual Information, before filing "CONFIDENTIAL" material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party to determine whether the Designating Party will remove the "CONFIDENTIAL"

9

designation, whether the document can be redacted, or whether a motion to seal is warranted. With respect to Particular Individual Information, any such information included in a Court filing shall be redacted without the need for any meet and confer process. If the Parties cannot agree on the handling of "CONFIDENTIAL" material in court filings, then the Party seeking to file such material must either move to file the material under seal or for a court order permitting filing on the public record.

6.      **Designation of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material and Application of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Provisions.** The designation of material in the form of documents, discovery responses, or other tangible materials other than depositions or other pre-trial testimony shall be made by the Designating Party by affixing the legend "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page containing information to which the designation applies. The designation of deposition testimony shall be in accordance with paragraph 7 below. All material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Receiving Party of the designation in writing. All documents

DCACTIVE-66561359.1

designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any Party shall be governed by this section.

     a. **Basic Principles.** A Receiving Party may use "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material may be disclosed only to the categories of persons and under the conditions described in this Order. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

     b. **Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may only be disclosed to:

DCACTIVE-66561359.1

i.  counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

ii.  experts and consultants, and their staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii.  the Court, court personnel, and court reporters and their staff;

iv.  copy or imaging services retained by counsel to assist in the duplication of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

v.  language translation vendors retained by counsel to assist in the translation of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

DCACTIVE-66561359.1

vi.  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

vii. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

viii. E-discovery vendors, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

c.  **Filing "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material.** Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Section III.F. of the Instructions. A party seeking to file a document with the Court

13

under seal shall comply with the procedures set forth in NDGA Local Rules, Appendix H, Section II.J.2 and Section III.F of the Instructions.

Before filing "HIGHLY CONFIDENTIAL ATTOR-NEYS' EYES ONLY" material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party to determine whether the Designating Party will remove the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation, whether the document can be redacted, or whether a motion to seal is warranted. If the Parties cannot agree on the handling of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material in court filings, then the Party seeking to file such material must either move to file the material under seal or for a court order permitting filing on the public record.

7. **Designation of Deposition Testimony.** In order to designate deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Designating Party shall give prompt notice that it will seek the protections of this Order either at the deposition or within twenty-

14

one (21) days after receipt of the final deposition transcript, in accordance with the provisions and restrictions of this Order. Unless otherwise designated at or during the deposition, all deposition testimony shall be treated as if designated "CONFIDENTIAL" until the expiration of such twenty-one (21) day period.

8.      **Documents, Things, and Information Produced by Non-Parties.** Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any documents or things produced by a non-party in this action that contain information deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Designating Party by providing written notice of the designation to all counsel of record and to counsel for the disclosing non-party within thirty (30) days after the Designating Party receives the produced document or thing. If no Party designates the document or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" within the thirty (30) day period, and if the disclosing non-party has not designated the document or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", then the document or thing shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" information.

DCACTIVE-66561359.1

9.      **Use of Documents Containing Redacted CONFIDENTIAL Information.** The Parties and their counsel and experts agree to redact "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information from documents before: (a) using such documents at trial, any hearing, or any court proceeding; (b) attaching such documents to any publicly-filed pleading or filing; or (c) using such documents in any other way where the documents could be seen by the public or by anyone not bound by this Order.

10.     **Other Redactions.** Nothing in this Order precludes the Parties from making redactions for privilege or for other legal reasons before documents are produced.

11.     **Inadvertent Disclosure.**

   a.   **"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."** A Party that has inadvertently produced "CONFIDENTIAL" Information or "or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information without so designating it may at any time re-designate such information as "CONFIDENTIAL" or "or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure of "CONFIDENTIAL" or

16

"or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If a Party inadvertently or unintentionally produces "CONFIDENTIAL" Information or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information without designating it as such in accordance with the provisions of this Order, that Party shall promptly upon discovery, either: (a) demand the return or destruction of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information; or (b) furnish a properly marked substitute copy, along with written notice to all Parties that such document or information is deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and should be treated as such in accordance with the provisions of this Order. Each Receiving Party must treat such document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" from the date such notice is received, but each Receiving Party shall have no liability for any disclosures of such information that were made prior to re-

17

designation. If prior to receiving such notice, the Receiving Party had disclosed the inadvertently undesignated material to persons or entities not authorized to receive it under this Order, the Receiving Party must report such disclosure to the Designating Party and make reasonable efforts to retrieve it, and the Receiving Party must make reasonable efforts thereafter to assure that the material is treated in accordance with the provisions of this Order.

b. **Information subject to a claim of privilege or protection as trial-preparation material.** In the event that information subject to a claim of privilege or protection as trial-preparation material is produced in the course of this litigation, the production does not operate as a waiver if (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder of the privilege or protection took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

12. **Challenge of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designations.** Any Party who wishes to challenge

DCACTIVE-66561359.1

the propriety of the designation of Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may do so by providing written notice to the Designating Party at any time up to ten (10) days before the pretrial conference or ten (10) days before trial, whichever is earlier. The notice shall (a) attach a copy of each document subject to challenge, or identify each such document by production number or other appropriate designation, and (b) set forth the reason for such objection. The objecting Party and the Designating Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached, the objecting Party may seek a decision from the Court with respect to the propriety of the designation. The subject material will continue to be protected under this Protective Order until the Court orders otherwise.

13.    **No Waiver.** The inadvertent failure to assert a claim of attorney- client or other privilege or protection under the work product doctrine shall not constitute a waiver of the right to claim a privilege or protection. Any Party may challenge any such claim of privilege or protection on any ground.

14.    **Order Remains in Effect.** This Order shall remain in effect throughout the course of this litigation and during any appeals. Following the termination of this litigation, the Order shall remain in effect for CONFIDENTIAL information derived

19

from properly designated documents, and the Court shall retain jurisdiction to enforce this provision.

15. **Destruction of Un-Redacted Documents Containing CONFIDENTIAL Information.** This Paragraph applies to documents that contain un-redacted "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS EYES ONLY" information. Except as otherwise prohibited by federal law (including the Federal Records Act, 44 U.S.C. § 3301 *et seq.)* or the law of Georgia, within ninety days after final disposition of this case not subject to further appeal, the Parties and their counsel and experts, and all other persons having possession, custody, or control of such documents, shall either: (a) return all such documents and any copies thereof to the individual or entity that produced the documents; or (b) destroy hard copies of such documents and all copies thereof with a shredder and make reasonable efforts to delete all electronic copies of such documents from all systems and databases. Notwithstanding the above requirement, the Parties are entitled to retain (a) one copy of pleadings, expert reports, exhibits, or other documents made part of the court record containing un-redacted CONFIDENTIAL information and (b) un-redacted CONFIDENTIAL information that is incorporated in attorney work product so long as the Parties restrict access to such information to those persons who are permitted access under the Order.

20

16.     **Action by the Court.** Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any Orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial, including the ability to order removal of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" designation.

17.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of any Party or any other person with standing concerning the subject matter.

18.     **No Prior Judicial Determination.** This Order is entered based on the presentations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any CONFIDENTIAL documents or information are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19.     **Persons Bound and Retroactivity.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties and their employees, officers, directors, and agents, testifying experts and consultants, and their staff, and persons made subject to this Order by its terms. This Order shall

DCACTIVE-66561359.1

apply to all documents in this litigation, including any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information, appropriately marked as such, that was produced prior to the Order being signed.

It is so **ORDERED** this 29th day of July, 2022.


s/Steve C. Jones
United States
District Judge

22

Respectfully submitted,

By: _____
**Georgia Bar No. 315315**
**KASTORF LAW LLP**
1387 Iverson St., Suite 100
Atlanta, GA 30307
(404) 900-0030
kurt@kastorflaw.com

Jon Greenbaum (*pro hac vice*)
Ezra D. Rosenberg (*pro hac vice*)
Julie M. Houk (*pro hac vice*)
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR C**
**RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Toni Michelle Jackson (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
Keith Harrison (*pro hac vice*)
tjackson@crowell.com
aheaven@crowell.com
kharrison@crowell.com
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 624-2500

23

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, et al. | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No. 1:21-CV-5338- |
| STATE OF GEORGIA, et al. | ) ) | ELB-SCJ-SDG |
| *Defendants*. | ) ) | |
| _____ | ) | |
| COMMON CAUSE, et al., | ) ) | |
| *Plaintiffs*, | ) ) | Case No. 1:22-CV-00090- |
| v. | ) ) | ELB-SCJ-SDG |
| BRAD RAFFENSPERGER | ) ) | |
| *Defendant*. | ) ) | |

**EXHIBIT A: ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated DATE in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Georgia in matters relating to the Stipulated Protective Order.

24

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court or any other penalty otherwise imposed by the United States District Court for the Northern District of Georgia.

Signed:_____by_____(print name)

Business Address: _____

Date: _____

25