IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, et al.,<br><br>    Plaintiffs,<br><br>              v.<br><br>STATE OF GEORGIA, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:21-cv-05338-ELB-SCJ-SDG<br><br>THREE-JUDGE COURT |

Before BRANCH, Circuit Judge, JONES and GRIMBERG, District Judges.

BY THE COURT:

## ORDER

This matter appears before the Court on the Motion for Protective Order as to Non-Party Subpoenas (the Motion) filed by John Kennedy; Bonnie Rich; the Senate Reapportionment and Redistricting Committee; the House Reapportionment and Redistricting Committee; Gina Wright; and the Legislative and Congressional Reapportionment Office (collectively, Movants).[1]

---

[1] ECF 82. While the Motion's caption lists both cases assigned to the three-judge panel, Case Nos. 1:21-cv-5338 and 1:22-cv-0090, the subpoenas were issued, and the Motion filed, only in the former action.

## I.   Background

Plaintiffs assert claims under the Fourteenth and Fifteenth Amendments and Section 2 of the Voting Rights Act (VRA), challenging the legality of legislative maps for the Georgia House and Senate, and the State's federal congressional representatives, adopted during a 2021 special legislative session.[2] Movants are non-parties to whom Plaintiffs issued subpoenas duces tecum and ad testificandum as part of discovery: John Kennedy is a member of the Georgia Senate and was Chair of the Senate Reapportionment and Redistricting Committee during the special legislative session;[3] Bonnie Rich is a member of the Georgia House of Representatives and was the Chair of the House Reapportionment and Redistricting Committee during the special session;[4] the Legislative and Congressional Reapportionment Office is a joint office of the Georgia General Assembly, and Gina Wright is its Executive Director.[5] The subpoenas seek a wide

---

[2]   ECF 1.

[3]   ECF 82-1, at 2.

[4]   *Id.*

[5]   *Id.* at 3.

2

range of documents and deposition testimony;[6] Movants object to the subpoenas' scope based on legislative privilege.[7]

## II.   Relevant Legal Standards

Under Rule 45, a court must quash or modify a subpoena that requires disclosure of privileged information. Fed. R. Civ. P. 45(d)(3)(A)(iii). The subpoenaed party, however, must describe the nature of the documents being withheld in a manner that allows the parties to assess the claim of privilege. *Id.* 45(e)(2)(A)(ii); *In re Hubbard*, 803 F.3d 1298, 1307 (11th Cir. 2015). When a movant establishes good cause, a court may enter a protective order that prohibits the disclosure of certain information or limits inquiry into certain matters. Fed. R. Civ. P. 26(c)(1)(A), (D). The burden is met by a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (citations omitted).[8]

---

[6]   ECF 82-2 through 82-13.

[7]   *See generally* ECF 82-1. As noted below, Movants also appear to have other objections to producing some of the documents responsive to the subpoenas—such as the attorney-client privilege—that were not raised in the Motion. ECF 82-1, at 8 n.2.

[8]   Decisions of the former Fifth Circuit entered prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209–10 (11th Cir. 1981).

**III.   Discussion**

The legislative privilege "protects the legislative process itself, and therefore covers . . . legislators' actions in the proposal, formulation, and passage of legislation." *Hubbard*, 803 F.3d at 1308 (citing, *inter alia*, *Tenney v. Brandhove*, 341 U.S. 367, 372 (1951)). It applies even when the legislators are not parties to the suit and prohibits "inquiry into acts that occur in the regular course of the legislative process and *into the motivation for those acts.*" *Id.* at 1308, 1310 (emphasis in original) (quoting *United States v. Brewster*, 408 U.S. 501, 525 (1972)). In other words, it protects evidence of legislative intent.

This privilege is set against Plaintiffs' right to obtain evidence in support of their constitutional claims, which require proof of discriminatory intent. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."); *see also Cooper v. Harris*, 137 S. Ct. 1455, 1463 (2017) (stating that, to support a claim that a legislative district was racially gerrymandered in violation of the Equal Protection Clause, a plaintiff must show that race was the "predominant" motivating factor in placing "a significant number of voters within or without a particular district") (quoting *Miller v.*

4

*Johnson*, 515 U.S. 900, 916 (1995)). The legislative privilege and Plaintiffs' right to obtain relevant discovery are therefore in tension. Movants acknowledge that neither the Eleventh Circuit nor the Supreme Court have directly addressed how, if at all, this privilege should be balanced against a non-frivolous constitutional claim that a litigant's voting rights have been impaired.[9] *See League of Women Voters, Inc. v. Lee*, 340 F.R.D. 446, 455 (N.D. Fla. 2021) (noting this is an open question under Eleventh Circuit and Supreme Court cases).

Plaintiffs and Movants have been unable to resolve Movants' objections to the scope of the subpoenas. Accordingly, pursuant to the discovery dispute procedures in undersigned's Standing Order, each side submitted position statements outlining their respective arguments.[10] On August 9, 2022, undersigned held a telephone conference with counsel for the parties and for Movants, denied Plaintiffs' proposed procedure for resolving Movants' legislative privilege objections, and directed full briefing on the dispute.[11]

---

[9] ECF 82-1, at 17–18.

[10] ECF 81-1 (Pls.' submission); ECF 81-2 (Movants' submission). The panel agreed that undersigned, on behalf of the Court, would take preliminary and primary responsibility to resolve discovery disputes.

[11] ECF 81.

As requested by undersigned during the telephone conference, counsel for Plaintiffs provided counsel for Movants with a list of the topics Plaintiffs seek to explore in the depositions. Those topics are organized under four broad categories, with each category identifying specific issues Plaintiffs intend to cover.[12] The four broad categories are: (1) Questions about a particular map or maps; (2) Questions about data related to the maps; (3) Questions about the redistricting process; and (4) Questions related to race, economics, and politics.[13] A total of 78 specific issues are identified under those categories.[14] Movants responded by providing counsel for Plaintiffs with a proposal that (among other things) the individual movants would waive legislative privilege to a certain extent during depositions, but declined to waive privilege as to 27 of the specific topics (25 in whole and two in part).[15] Movants' proposal was rejected by Plaintiffs.[16] Having reached an

---

[12]  ECF 82-14.

[13]  *Id.* at 3–6.

[14]  *Id.*

[15]  ECF 82-15.

[16]  ECF 82-16, at 1.

impasse, Movants filed their Motion, which included a new proposal for limiting the documents and testimony to be provided in response to the subpoenas.[17]

As for documents, Movants are in the process of producing responsive materials to which they assert no objection.[18] This includes committee meeting agendas and minutes; maps; and videos of Town Hall and committee meetings, as well as Georgia Assembly floor debates.[19] Movants have been unable to agree with Plaintiffs about what other documents should be disclosed, such as emails and text messages.[20] Movants assert that communications between themselves and "individuals inside the General Assembly" (i.e., other Georgia legislators and staff), as well as between themselves and "individuals outside the General Assembly" (i.e., personnel from Georgia agencies, constituents, and other third parties), related to the "proposal, formulation and passage of legislation" are protected by the legislative privilege.[21]

---

[17]  ECF 82-1, at 4–6; ECF 88, at 29–30.

[18]  ECF 82-1, at 3.

[19]  *Id.*

[20]  *Id.*

[21]  *Id.* at 16.

As may be evident from the generalized nature of the discussion above, Movants have not identified specific documents or testimony they seek to protect. For starters, Movants have not produced a privilege log. It is unclear what documents have been produced; to which subpoena requests those produced documents relate; which specific materials Movants are withholding under a legislative privilege claim; or whether they are withholding anything based on any other asserted privilege or protection. Nor have Movants sufficiently explained how the responses to every potential deposition question on the 27 topics to which they object are covered by the legislative privilege.

The Eleventh Circuit has made clear that "a state lawmaker's legislative privilege must yield in some circumstances where necessary to vindicate important federal interests." *Hubbard*, 803 F.3d at 1311. And, some district courts, including in this Circuit, have indicated that a balancing test should be applied when confronted with assertions of legislative privilege in redistricting cases such as this one. *See, e.g., League of Women Voters, Inc. v. Lee*, 340 F.R.D. 446, 455–58 (N.D. Fla. 2021) (applying balancing test); *Greater Birmingham Ministries v. Merrill*, 2017 U.S. Dist. LEXIS 233149, at *18–20 (M.D. Ala. Mar. 13, 2017) (citing cases); *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 100–03 (S.D.N.Y. 2003) (applying balancing test).

The lack of specificity about the documents and issues to which Movants object, which is required under Rules 26 and 45, prevents the Court from assessing in any meaningful way whether the legislative privilege applies to that information and whether that privilege must give way to any extent given the competing interests in this case. In short, undersigned is unable to assess these intensely factual matters in the abstract—which is all he could possibly do based on the limited information currently before the Court.

Movants are therefore **DIRECTED** to produce, no later than November 29, 2022, all documents responsive to the subpoenas to which they have no objection. For any documents Movants seek to withhold on a basis *other than* the legislative privilege, Movants are **DIRECTED** to confer with Plaintiffs to try to resolve such objections. If an agreement cannot be reached as to those materials, the discovery dispute procedures outlined in undersigned's Standing Order should be followed.

For all documents being withheld solely on the basis of legislative privilege, no later than December 13, 2022, Movants **SHALL** produce to the parties and provide to undersigned a privilege log that satisfies Rule 45(e)(2)(A)(iii). Such log must indicate the specific subpoena duces tecum request to which the withheld materials are responsive. Further, copies of the withheld documents themselves

**SHALL** be provided to undersigned for in camera inspection, preferably in electronic form. Undersigned urges counsel for Movants to make the privilege log as clear and refined as possible and to supply the documents in a user-friendly fashion, to speed the in-camera review. Depending on the volume of the documents produced, the Court may appoint a Special Master at Movants' and/or the parties' cost to assist with the in-camera review.

A ruling on Movants' Motion for Protective Order [ECF 82] is held in abeyance pending substantial completion of the Court's in-camera review.

**SO ORDERED** this 1st day of November, 2022.

Steven D. Grimberg
United States District Court Judge
for the Court