**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, et al. | ) ) ) |
| *Plaintiffs*, | ) Case No. 1:21-CV-5338-ELB- |
| v. | ) SCJ-SDG |
| | ) |
| STATE OF GEORGIA, et al. | ) |
| | ) |
| *Defendants*. | ) |
| | ) |
| _____ | ) |
| COMMON CAUSE, et al., | ) Case No. 1:22-CV-00090-ELB- |
| | ) SCJ-SDG |
| *Plaintiffs*, | ) |
| v. | ) |
| BRAD RAFFENSPERGER | ) |
| | ) |
| *Defendant*. | |
| _____ | |

**JOINT MOTION BY STATE DEFENDANTS AND CONSOLIDATED
PLAINTIFFS TO AMEND STIPULATION AND ORDER REGARDING
DISCOVERY**

**I.     BACKGROUND**

On February 1, 2022, the Court issued a Scheduling Order in the above

captioned cases, laying out certain discovery and expert deadlines. *See* Scheduling

Order, (Ga. NAACP ECF No. 34; Common Cause ECF No. 22). The parties later

entered into a stipulation related to deadlines that did not alter the overall schedule.

*See* Stipulation and Order Regarding Discovery (Ga. NAACP ECF No. 87).

As discovery has progressed, State Defendants and Consolidated Plaintiffs collectively have discussed adjusting certain deadlines and discovery obligations, to ensure, among other things, sufficient time for the production of data and other information that experts will use in their expert reports (including data and other information relating to the November 8, 2022 election and the subsequent statewide runoff in early December). Adjusting the deadline and discovery obligations will conserve resources and will contribute to the efficient resolution of this matter.

To that end, the parties jointly move this Court to amend the discovery obligations and deadlines in this action to the following:

## II.    GENERAL PROVISIONS

    A.    The Parties, which includes the Plaintiffs and Defendants, as well as their officers, directors, employees, and agents are referred to as the "Parties" solely for purposes of this stipulation.

    B.    "Plaintiff" or "Plaintiffs" as used here shall mean the parties listed in Appendix A.

    C.    "Defendant" or "Defendants" as used here shall mean the parties listed in Appendix B.

    D.    "Third Party" or "Third Parties" as used here shall mean any party listed in Appendix C, and also any party that Plaintiffs or

Defendants issue a subpoena or subpoenas to in relation to this action.

## III.   FACT DEPOSITIONS

A.   In the event that production of documents by Third Parties that they had previously contended were subject to legislative privilege is not completed by the dates set forth below in this Section III, Plaintiffs reserve the right to request a further extension to these deadlines to allow the Parties to depose the respective deponents about the contents of any documents that the Court orders to be produced.

B.   The Parties agree to hold fact depositions for Plaintiffs or Defendants by January 20, 2023, and that such depositions may be held open if they occur prior to or within three weeks after production of documents by Third Parties that they had previously contended were subject to legislative privilege.

C.   The Parties agree to hold fact depositions for Third Parties by January 20, 2023, and that such depositions may be held open if they occur prior to or within three weeks after production of documents by Third Parties or Defendants that they had previously contended were subject to legislative privilege.

D.   The Parties agree that depositions may occur after January 20, 2023, if:

   i.   they are based on information newly provided in documents produced or in depositions, by the Defendants, Third Parties, or Plaintiffs, and

   ii.   a deposition subpoena is issued within two weeks of that information provided.

   iii.   Information newly provided includes any discovery to which Third Parties had previously contended was subject to legislative privilege, but that the Court orders to be produced.

3

E.    For the avoidance of doubt, the Parties agree that continuations of depositions may occur after these deadlines.

## IV.  EXPERT DISCOVERY

A.    The parties agree that the expert discovery deadlines should be extended as follows:

  i.  Deadline for Plaintiffs' and Defendants' expert disclosures – January 13, 2023

  ii.  Deadline for rebuttal expert disclosures – February 10, 2023

  iii.  Deadline to complete expert discovery – March 3, 2023

B.    In the event that Defendants do not produce, by January 7, 2023, from each of the 2022 general and runoff elections both: 1) election results by precinct and the 2) racial turnout data by precinct, the parties agree to the following deadlines for supplemental expert reports:

  i.  Deadline for any supplemental report based on that data will be 2 weeks after the receipt of the data.

  ii.  Deadline for any supplemental rebuttal report will be due 2 weeks after receipt of the supplemental report.

  iii.  Deadline to complete depositions, which will be limited to the topics contained in the supplemental reports, will be 2 weeks after receipt of the supplemental rebuttal reports.

C.    Notwithstanding the preceding expert discovery schedule, if either party wishes to put forward an expert on intent or one that will rely on evidence withheld based upon an objection of legislative privilege and the court overrules said objection in whole or in part, that report, or a supplemental report if an expert's report was previously disclosed before the court's ruling upon an objection based upon legislative privilege, will be due 14 days after all depositions of Third Parties are

4

complete. The parties will meet and confer on the remainder of deadlines for experts related to intent and/or upon evidence in which the court overrules a legislative privilege objection, in whole and/or in part.

## V.     MEET AND CONFER

A.     The parties agree that they will continue to meet and confer to adjust these deadlines if needed to ensure expert discovery closes by March 3, 2023.

## VI.     SUMMARY JUDGMENT

A.     The parties agree that the deadlines for summary judgment briefing should be adjusted as follows:

| | |
|---|---|
| Deadline to file motions for summary judgment | March 27, 2023 |
| Deadline to file responses to motions for summary judgment | April 26, 2023 |
| Deadline to file replies in support of motions for summary judgment | May 10, 2023 |

## VII.   EFFECT

The parties request that all prior scheduling orders and stipulations remain in effect except as modified as a result of this Motion.

## VIII.  CONCLUSION

In light of the foregoing, the parties jointly move this Court to amend the February 1, 2022 Scheduling order as follows:

| | |
|---|---|
| Deadline for fact depositions for Plaintiffs or Defendants | January 20, 2023* |
| Deadline for fact depositions for Third Parties | January 20, 2023* |
| Deadline for Plaintiffs' and Defendants' expert disclosures (reports) | January 13, 2023 |
| Deadline for rebuttal expert disclosures (reports) | February 10, 2023 |
| Deadline to complete expert discovery | March 3, 2023 |
| Deadline, in the event that Defendants do not produce, by January 7, 2023, from each of the 2022 general and runoff elections both 1) election results by precinct and the 2) racial turnout data by precinct, for any supplemental report based on that data | 2 weeks after the receipt of the data |
| Deadline, in the event that Defendants do not produce, by January 7, 2023, from each of the 2022 general and runoff elections both 1) election results | 2 weeks after receipt of the supplemental report |

| | |
|---|---|
| by precinct and the 2) racial turnout data by precinct, for any supplemental rebuttal report | |
| Deadline, in the event that Defendants do not produce, by January 7, 2023, from each of the 2022 general and runoff elections both 1) election results by precinct and the 2) racial turnout data by precinct to complete depositions, which will be limited to the topics contained in the supplemental reports | 2 weeks after receipt of the supplemental rebuttal reports. |
| Deadline to file motions for summary judgment | March 27, 2023 |
| Deadline to file responses to motions for summary judgment | April 26, 2023 |
| Deadline to file replies in support of motions for summary judgment | May 10, 2023 |

The parties jointly request that the Court enter the accompanying Order.

Respectfully submitted this 2nd day of December, 2022.

*/s/ Kurt Kastorf*
Kurt Kastorf (Georgia Bar No. 315315)
**KASTORF LAW LLP**
1387 Iverson St., Suite 100
Atlanta, GA 30307
Telephone: (404) 900-0030
kurt@kastorflaw.com

Toni Michelle Jackson*
Astor H.L. Heaven*
Keith Harrison*
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 624-2500
tjackson@crowell.com
aheaven@crowell.com
kharrison@crowell.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
**LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.com
jhouk@lawyerscommittee.com

*Counsel for Plaintiffs*
GEORGIA STATE CONFERENCE
OF THE NAACP, et al.
*Admitted pro hac vice*

*/s/ Jack Genberg*
Jack Genberg (Ga. Bar 144076)
Pichaya Poy Winichakul (Ga. Bar 246858)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30031-1287
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
jack.genberg@splcenter.org
poy.winichakul@splcenter.org

Neil Steiner*
Sharon Turret*
DECHERT LLP
Three Bryant Park, 1095 Avenue of the
Americas

8

New York, NY 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
neil.steiner@dechert.com
sharon.turret@dechert.com

Hartley M.K. West*
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, CA 94104-4446
Telephone: (415) 262-4500
Facsimile: (415) 262-4555
hartley.west@dechert.com

*Attorneys for Plaintiffs*
COMMON CAUSE, et al.
*Admitted Pro Hac Vice

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene S. McGowan
Assistant Attorney General
Georgia Bar No. 697316
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 687600

fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678) 336-7249

*Attorneys for Defendants*

## CERTIFCATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), I hereby certify that the forgoing motion has been prepared in Time New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/ Bryan P. Tyson*
Bryan P. Tyson

## Appendix A

The Plaintiffs in this action are:

**Georgia State Conference of the NAACP**

**Georgia Coalition for the People's Agenda, Inc**

**GALEO Latino Community Development**

**Common Cause**

**League of Women Voters of Georgia**

**Dr. Ursula Thomas**

**Jasmine Bowles**

**Dr. H. Benjamin Williams**

**Brianne Perkins**

**Dr. Cheryl Graves**

## Appendix B

The Defendants in this action are:

**The State of Georgia**

**Governor Brian Kemp**

**Secretary Brad Raffensperger**

**Appendix C**

The Third Parties in this action are:

**Legislative and Congressional Reapportionment Office**

**Senate Redistricting & Reapportionment Committee**

**House Legislative and Congressional Reapportionment Committee**

**Lt. Gov. Geoff Duncan**

**Sen. John Kennedy**

**Sen. Mike Dugan**

**Rep. Bonnie Rich**

**Rep. Barry Fleming**

**Rep. Jan Jones**

**Rep. David Ralston**

**Gina Wright**

**Adam Kincaid**

**National Republican Redistricting Trust**