IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMMON CAUSE, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>BRAD RAFFENSPERGER,<br><br>*Defendant*. | CIVIL ACTION<br><br>FILE NO. 1:22-CV-00090-ELB-SCJ-SDG |
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>STATE OF GEORGIA, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:21-CV-5338-ELB-SCJ-SDG |

## MOTION TO HOLD CASE IN ABEYANCE

### INTRODUCTION

Late last week, Defendant Secretary of State Brad Raffensperger was enjoined from utilizing the Congressional and state legislative redistricting plans challenged by Plaintiffs in the above-styled actions in any future elections. The Governor has also called the legislature into special session to create new redistricting plans. Because there are currently no enforceable plans to consider in these cases and there will likely be new redistricting plans

1

in Georgia in short order, this Court should stay all deadlines in this case and stay the trial of these actions until the resolution of any appeal filed in the separate single-judge cases challenging the redistricting plans.

## PROCEDURAL POSTURE

These cases are currently set for trial beginning on November 13, 2023. On October 26, 2023, another Court in this district entered final judgment in three cases finding that districts in Georgia's 2021 Congressional, state Senate, and state House of Representatives redistricting plans violated Section 2 of the Voting Rights Act. *See, e.g., Alpha Phi Alpha v. Raffensperger*, Case No. 1:21-cv-05337-SCJ (Doc. 333), attached as Ex. A (the "Section 2 decisions"). Specifically, the order found the following districts violated Section 2:

- Enacted Congressional Districts 3, 6, 11, 13, and 14.
- Enacted Senate Districts 10, 16, 17, 25, 28, 30, 34, 35, 43, and 44.
- Enacted House Districts 61, 64, 74, 78, 117, 133, 142, 143, 145, 147, and 149.

*Id.* at 514. The Court further enjoined the use of Georgia's 2021 Congressional, state Senate, and state House of Representatives redistricting plans in any future election. *Id.*

As a result of the Court's order, the plans Plaintiffs challenge in these cases are currently unenforceable and cannot lawfully be used in Georgia elections. Governor Brian Kemp has already called the legislature into special

2

session, beginning November 29, 2023, to redraw the Congressional, state Senate, and state House of Representatives redistricting plans. *See* Call of Special Session, attached as Ex. B.

## ARGUMENT AND CITATION OF AUTHORITY

A district court enjoys "broad discretion" over pre-trial matters, including discovery and scheduling. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them").

Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936)). Especially in cases of duplicative litigation with similar issues, "'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' counsel in favor of honoring 'the general principle [of] avoid[ing] duplicative litigation.'" *Ga. ex rel. Olens*, 833 F.3d 1317, 1321 (11th Cir. 2016)

3

(quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Consideration of the wise use of judicial resources counsels in favor of holding these cases in abeyance pending the outcome of any appeals in the three Section 2 cases. First, any decision this Court renders would have a high probability of being only an advisory opinion, because unless the Section 2 decisions enjoining the challenged plans are reversed on appeal, any rulings on constitutional or Section 2 issues in these cases would be strictly hypothetical. *Princeton Univ. v. Schmid*, 455 U.S. 100, 102–103 (1982).

Second, there are currently no enforceable statewide redistricting plans, requiring that new plans be drawn for the 2024 elections, either by the legislature or in the remedial phase of the Section 2 cases. Those new plans will configure a number of districts differently owing to the Section 2 decisions. The parties in this case have prepared and filed expert reports for different maps than those that will be in place a few weeks from now. Thus, the facts would need to be re-evaluated at that point prior to any trial.

Third, the amount of judicial and legal resources expended in a three-judge panel trial that the pretrial order indicates will take 11 days of trial time is enormous. Expending those resources mere days before the legislature begins its special session for the purpose of redrawing the very maps Plaintiffs

4

challenge in these cases does not make sense as a use of this Court's time or the resources of the parties.

Fourth, any appeals of the Section 2 decisions likely will decide issues this Court would also need to address due to the significant overlap with the legal issues at play in both sets of cases. Thus, there is also a particular benefit for final resolution of the *Ga. NAACP* case (which includes Section 2 claims) from allowing rulings on any appeals of the Section 2 decisions prior to proceeding to trial in that case.

For all these reasons, "'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' counsel in favor of" staying these proceedings. *Olens*, 833 F.3d at 1321.

## CONCLUSION

Plaintiffs and Defendants have prepared for a trial on maps that are no longer legally in force. Requiring the parties and this Court to expend thousands of hours of time does not make sense when there is currently no case or controversy for this Court to decide at present. This Court should hold this case in abeyance pending the outcome of any appeals of the Section 2 cases.

Respectfully submitted this 30th day of October, 2023.

    Christopher M. Carr
    Attorney General
    Georgia Bar No. 112505
    Bryan K. Webb
    Deputy Attorney General
    Georgia Bar No. 743580
    Russell D. Willard
    Senior Assistant Attorney General
    Georgia Bar No. 760280
    **State Law Department**
    40 Capitol Square, S.W.
    Atlanta, Georgia 30334

    */s/ Bryan P. Tyson*
    Bryan P. Tyson
    Special Assistant Attorney General
    Georgia Bar No. 515411
    btyson@taylorenglish.com
    Frank B. Strickland
    Georgia Bar No. 687600
    fstrickland@taylorenglish.com
    Bryan F. Jacoutot
    Georgia Bar No. 668272
    bjacoutot@taylorenglish.com
    Diane Festin LaRoss
    Georgia Bar No. 430830
    dlaross@taylorenglish.com
    Donald P. Boyle, Jr.
    Georgia Bar No. 073519
    dboyle@taylorenglish.com
    Daniel H. Weigel
    Georgia Bar No. 956419
    dweigel@taylorenglish.com
    **Taylor English Duma LLP**
    1600 Parkwood Circle
    Suite 200
    Atlanta, GA 30339

Telephone: 678-336-7249

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Motion has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Bryan P. Tyson*
Bryan P. Tyson
